HURWITZ, Circuit Judge,
concurring in Parts I-IV and as to Part V, acquiescing dubitante:
This is an exceedingly strange case. There was ample evidence that the currency at issue was proceeds from a drug transaction, but the jury did not so find. And, as Judge Bybee’s scholarly opinion convincingly demonstrates, the district court’s alternative instruction that the $11,500 could be forfeited simply because Guerrero harbored an inchoate intent to use it to facilitate an unspecified future drug transaction was wrong. I agree that the better reading — indeed, perhaps the only constitutional reading — of 21 U.S.C. § 881(a)(6) is that currency is not subject to civil forfeiture unless its possessor has done more than simply think about using it in an illegal fashion. Moreover, even assuming that the jury instruction correctly stated the law, there was simply no evidence that, when the money was seized, Guerrero harbored any intent to use it to *1077 facilitate a drug transaction. Rather, the currency had been proffered to authorities for Mrs. Guerrero’s bail and the res was thus incapable of illegal use.
But, Guerrero did not object to the jury instruction that the Court today finds erroneous. Indeed, he submitted it, along with the jury verdict form. And, Guerrero waived any objection to the sufficiency of the evidence by failing to seek judgment as a matter of law under Federal Rule of Civil Procedure 50(b).
Thus, although I concur without reservation in Parts I-IV of today’s opinion, I have serious doubts that the error was plain. The Supreme Court has defined a “plain error” as “clear or, equivalently, obvious.” United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted). It is counterintuitive that an error it takes some nineteen pages to explicate — with nary a word wasted — should have been clear or obvious to the district court, particularly because there is no Supreme Court or Ninth Circuit case directly on point and the relevant instruction mirrors the statutory language.
Had Guerrero’s counsel sought judgment as a matter of law, he might well be entitled to a remand with instructions to enter judgment in his favor. And, had his counsel objected to the jury instructions, the district court would have had the opportunity to consider the issues so well parsed in Judge Bybee’s opinion. In a civil case, there should be consequences to counsel’s omissions — strategic or inadvertent — and, in other circumstances, I would impose those consequences to Guerrero’s detriment. But in the situation before us, particularly given the jury verdict that the $11,500 was not the proceeds of a drug transaction, and the absence of any evidence that the money was intended to be used for anything but bail when seized, the Court’s remand for a new trial aceom-plishes substantial justice. In Judge Friendly’s memorable words, “I therefore go along with the majority, although with [] doubts.” Feldman v. Allegheny Airlines, Inc., 524 F.2d 384, 393 (2d Cir. 1975) (Friendly, J., dubitante).